[No. 7153.   Decided March 17, 1908.]

W. J. SHIELDS, *Respondent*, v. DOTY LUMBER & SHINGLE COMPANY, *Appellant*.[1]

LOGS AND LOGGING—BOOMS—DAMAGES—TRIAL—VERDICT.   In an action for the conversion of logs cut into lumber by defendant, and for damages from obstructing a stream with a boom, whereby a portion of plaintiff's logs not cut up were lost to the plaintiff, it is immaterial whether the logs were wrongfully cut up or were lost by the wrongful acts of the defendant; hence a verdict for the plaintiff for the total damages by reason of logs lost and converted is not excessive, although the proof did not show what amount was cut up and converted.

TROVER AND CONVERSION—DEFENSES—PERMISSION TO CUT LOGS—INSTRUCTIONS.   In an action for the wrongful conversion of logs, it is harmless error to instruct that the burden of proof was upon the defendant to show that logs, admittedly taken and cut, were cut by permission of the plaintiff, where the defendant did not claim to have paid for them, and their value was undisputed.

[1]Reported in 94 Pac. 644.

SAME—MEASURE OF DAMAGES. The measure of damages for logs converted or lost by the wrongful acts of the defendant is the value of the logs.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered July 6, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for the conversion of sawlogs. Affirmed.

*Forney & Ponder* and *Geo. Dysart*, for appellant.
*Elliott & Hamaker*, for respondent.

MOUNT, J.—The respondent brought this action against the appellant to recover the value of certain sawlogs. The case was tried to the court and a jury, and resulted in a verdict and judgment for the plaintiff. Defendant appeals.

The facts are as follows: The respondent, in the summer of 1906, cut a number of sawlogs which were placed in the Chehalis river, a stream navigable for sawlogs during the rainy season. These logs were to be delivered to the Cain Lumber Company, about twelve miles down from where respondent placed them in the river. Between these two points the appellant maintained a sawmill and two shingle mills. At each of these mills appellant maintained booms in the river. These booms were so arranged that they could be readily swung clear across the river. In the month of October, 1906, when the first freshet made the river suitable for driving the logs down to the Cain Lumber Company, respondent notified the appellant that he desired to drive the logs down past these booms. Appellant did not open its booms to allow respondent's logs to pass through. As a result the logs lodged upon the booms. A few days later respondent gave appellant written notice to pass the logs through the booms, which appellant failed to do. About a month later extraordinary high water came and carried out the booms and logs, which were lost to the respondent. In the meantime, while the logs were lodged in the boom at appellant's sawmill, the appellant ap-

propriated certain of the logs and cut them into lumber. If the logs had been allowed to pass the appellant's booms, they would have been delivered safely to the Cain Lumber Company, where the contract price was $5 per thousand.

Respondent in his complaint alleged three causes of action. The first cause was for conversion of 452,261 feet of sawlogs at the value of $5 per thousand feet, amounting to $2,261.30. The second cause was for loss of logs caused by the alleged wrongful acts of appellant in obstructing the Chehalis river by booms and a dam, causing a loss of 54,800 feet of logs of the value of $5 per thousand feet, amounting to $274. The third cause was for sixty-three days' time lost in attempting to drive logs past the obstructions wrongfully maintained by appellant. The amount of this loss of time was alleged at $315. The answer put in issue all the facts alleged in the complaint. Upon the trial the jury returned a verdict for the plaintiff for $2,750.30. Appellant moved for a new trial upon all the statutory grounds. At the hearing of this motion, the trial court concluded that the verdict was excessive in the sum of $350.30, and required a remission of this amount. The remission was made, and judgment was thereupon entered for $2,400 in favor of the plaintiff.

Appellant argues now that the judgment is still excessive, for the reason that the evidence shows that the appellant converted to its own use only 128,000 feet of the logs, which, at $5 per thousand feet, amounts to $640; and, allowing the full amount claimed on the second and third causes of action, the judgment could not be more than $1,229. It is true the respondent's evidence is somewhat indefinite as to the exact number of logs which appellant took from the river and cut into lumber. The respondent did not know, he had no means of knowing, and was unable to state the number of logs thus appropriated by the appellant. But the evidence shows that the respondent was unable to find, or account for, about the number of logs he alleged in his complaint were converted by the appellant. The appellant admitted that it took 128,000

feet. The question of fact as to how much was converted by the appellant was, therefore, for the jury. Upon reading the evidence, we are impressed with the fact that there was no substantial dispute in the amount of logs the respondent placed in the river, viz., 507,162 feet, and that these logs were lost by reason of the wrongful obstruction of the river by the appellant, with the exception of about 20,000 feet. Whether the appellant converted the logs into lumber or allowed then to float away makes no material difference, because in either event the appellant was liable to respondent for the value of all the logs so lost. It is conceded that the value was $5 per thousand feet, and it is conclusively proven that all the logs were lost to respondent except about 20,000 feet, which were caught by the Cain Lumber Company. We are convinced, therefore, that the judgment is not excessive.

Appellant insists that the court erred in instructing the jury to the effect that the burden of proof was upon the appellant to show that respondent agreed to let appellant take the logs which appellant admittedly took from the river. If this instruction was error, it was harmless because appellant does not claim to have paid for these logs or to have tendered the amount due therefor. Its liability was the same whether it took the logs by agreement or wrongfully. The real question before the jury was whether the respondent's loss was occasioned by the wrongful acts of the appellant. Having so found, the measure of damage was the value of the logs lost, irrespective of who thereafter made use of the logs.

We find no error in the record, and 'the judgment must therefore be affirmed.

HADLEY, C. J., CROW, FULLERTON, and ROOT, JJ., concur.